M. P. BROWN, *as Sheriff of Wichita County*, v. THE STATE OF KANSAS, *on the relation of J. Frank Ward, County Attorney.*

COUNTY SEAT, *Located — Second Election, When Void.* Where an election has been held for the permanent location of the county seat in a newly-organized county, and the returns made, and such vote has been duly canvassed by the board of county commissioners, and the place receiving a majority of all the votes cast has been proclaimed by said board the permanent county seat, and no proceeding instituted to test the validity of such election, the sheriff of said county has no authority to issue a proclamation for a second county-seat election in said county, and all proceedings thereunder are void.

*Error from Wichita District Court.*

THE facts sufficiently appear in the opinion. Judgment
for *The State*, at the November term, 1889. The defendant
*Brown* brings the case here.

*J. C. Caldwell*, and *C. N. Sterry*, for plaintiff in error.

*C. H. Coan*, county attorney, for defendant in error.

Opinion by GREEN, C.: Wichita county was organized
December 29, 1886, and Leoti City was designated as the
temporary county seat; the county officers selected by the
governor called an election to be held on the 8th day of Feb-
ruary, 1887, for the purpose of electing the county and town-
ship officers and choosing a permanent county seat; the election
was held to choose county and township officers, but the elec-
tion for designating the permanent county seat was postponed,
on account of the passage, by the legislature, of chapter 120,
of the Laws of 1887, being an act to provide for the regis-
tration of voters at elections for county seats; the election was
subsequently held, under the provisions of said law, on March
10, 1887; the returns were made to the board of county com-
missioners of said county, duly canvassed, and the result de-
clared in favor of Leoti City as the permanent county seat;
and it has remained the county seat ever since said election.

In June, 1888, the plaintiff in error, as sheriff of said county,
issued his proclamation and notice to the voters of said county
for an election to be held at the various voting-places, on the
18th day of July, 1888, for the purpose of choosing the per-
manent county seat of said county; the sheriff posted his
proclamation of said election throughout the county and issued
a notice to the voters requiring them to meet at the various
voting-places and select persons to act as registration boards.
In pursuance of said proclamation and notice, certain persons
met at some of the places designated and organized registra-
tion boards and made registration lists, and some of the voters
of the county assembled at the voting-places on the 18th day

of July, 1888, and voted upon the question of the permanent location of the county seat.

On the 14th day of July, 1888, the state, upon the relation of the county attorney of said county, commenced this action to restrain the board of county commissioners of said county from receiving or canvassing any returns, or any votes of this election, and from making any declaration of any result of the election, and from making any order, or entry, or doing any act touching or concerning such election, and asking that the county clerk should be restrained from receiving any returns, votes, or papers of any kind concerning the election and from entering any order, or making any record concerning the election, and from receiving any ballots, poll-books, tally-sheets, or other papers, from any board of registration, election board, or other officers, or persons, touching said election, and that M. P. Brown, as sheriff, be enjoined from issuing or publishing, or posting any proclamation, notice or other paper touching the holding of any election for the relocation or removal of the county seat of Wichita county, and that the defendants be enjoined from doing any acts toward or concerning the relocation or removal of the county seat of said county, within five years from March 10, 1887.

The district judge of Wichita county, upon the filing of said petition, granted a temporary restraining order. The defendants below answered the petition of the county attorney setting up substantially the facts as detailed, admitting that an election had been held on the 10th of March, 1887, but claimed that said election was fraudulently conducted and void. A demurrer was filed to this petition, assigning that the answer did not state facts sufficient to constitute a defense to plaintiff's petition, which was sustained by the court below, and judgment was rendered in favor of the state and against the plaintiff in error, for the costs of the action, and permanently enjoining the sheriff from making any proclamation calling for an election prior to the expiration of five years from March, 10, 1887.

The pleadings in this case admit that an election was held for the permanent location of the county seat of Wichita county on March 10, 1887; that the board of county commissioners and other officers were elected February 8, 1887, and duly qualified and entered upon the discharge of their duties; and that the commissioners, thirty days prior to the 10th of March, 1887, made an order designating a place in each of the three townships in the county where the voters might assemble for the purpose of registration, and that they caused the order to be published, as required by § 3 of chapter 120 of the Laws of 1887; and that the township officers elected in all the townships in Wichita county on February 8, 1887, were acting as boards of registration, as required by law.

It is further admitted by the pleadings that there was an election held for the purpose of locating the permanent county seat; that the returns were made to the county clerk; that said returns were duly canvassed and the result was declared; and that Leoti City received four hundred and twenty-six votes, and the city of Coronado one hundred and twenty votes. No effort was made to contest the validity of this election. The declaration of the result was made a matter of record by the board of county commissioners of the county, and still remains in full force and is final. The sheriff of the county could not sit in judgment upon the question as to whether the election of March 10, 1887, was legal or not, and could not attack that election in a collateral proceeding. The sheriff had no authority to call a second election, after the result had been declared in the first, showing that Leoti City had received a majority of all the votes cast for the permanent county seat of Wichita county. The statute settles this question in favor of the plaintiff below. Paragraph 2778, Gen. Stat. of 1889, reads: "Providing, however, that in no case shall the validity of any election be inquired into beyond the one last had and upon which proceeding is based." (*Light v. The State, ex rel.,* 14, Kas. 489; *County Seat of Linn Co.,* 15 id. 526.)

We think the court below committed no error in sustaining the demurrer of the plaintiff to the answer of the defendant, and recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.